**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JENNY MILMAN and ELLEN THOMAS,** on Behalf of Themselves and All Others Similarly Situated, <br><br>                   **Plaintiffs,**<br><br>   v.<br><br>**THERMOS L.L.C.,**<br><br>                   **Defendant.** | No. 1:13-CV-7750<br><br>Judge Rebecca Pallmeyer<br><br>Magistrate Judge Sheila Finnegan |

**THERMOS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Thermos L.L.C. ("Defendant" or "Thermos"), by its undersigned counsel, hereby submits this Motion to Dismiss Plaintiffs' Complaint, pursuant to Rules 8, 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, Thermos states as follows:

1. This is a putative class action lawsuit arising from Plaintiffs' purchase from Amazon.com of a number of Thermos® Foogo® Straw Bottles (hereinafter "Straw Bottle").

2. Plaintiffs have failed to state any valid claim for relief under any of the pleaded causes of action. Plaintiffs also lack standing to seek injunctive relief. Plaintiffs allege that they were misled to believe that the Straw Bottles would be entirely leak-proof, regardless of whether their lids were closed.

3. Plaintiffs' statutory claims under the New Jersey Consumer Fraud Act ("CFA") and New York General Business Law ("GBL") Section 349 are fatally flawed in several respects. Plaintiffs have selectively quoted from hang-tag packaging and website materials, while failing to mention that the Care and Use Guide packaged with the products explicitly states that "This product is leak-proof only when the lid is in the closed and locked position." Thus,

there was no misrepresentation by Thermos. Without any plausible claim that Thermos misrepresented its products, Plaintiffs cannot establish the deception required for their statutory claims. Plaintiff statutory claims should be dismissed for the additional reason that Plaintiffs have not properly alleged any ascertainable loss.

4. Because they are unable to allege that the products did not perform as promised, Plaintiffs' claims for breach of express warranty should also be dismissed. In addition, those claims are deficient because Plaintiffs have failed to allege that they provided the required pre-suit notice either to the seller or to Thermos.

5. Plaintiffs' unjust enrichment claims are subject to dismissal because Plaintiffs cannot allege any wrongful conduct by Thermos or that any direct benefit was conferred on Thermos. Plaintiffs purchased the products from an on-line retailer (Amazon), not Thermos.

6. Plaintiffs lack standing to seek injunctive relief. Plaintiffs are already fully aware of what they assert are alleged defects in the products, as well as Defendant's representations regarding the Straw Bottles. Thus, because Plaintiffs do not face any likelihood of future injury and the requested injunction would be of no benefit to them, that claim should also be dismissed.

7. In support of this Motion, Thermos contemporaneously files its memorandum of law, as well as the attached Declaration of Julie Ryan authenticating the Care and Use Guides that properly may be considered under Rule 12(b)(6).

WHEREFORE, Defendant respectfully requests the entry of an order dismissing with prejudice each of Plaintiffs' claims, and granting such further relief as is appropriate and just.

Dated: January 3, 2014            Defendant Thermos L.L.C.

           By: /s/ Joseph A. Cancila, Jr.
           Joseph A. Cancila, Jr.

Sondra A. Hemeryck
Matthew G. Schiltz
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone:  312-258-5500
Facsimile:  312-258-5600
jcancila@schiffhardin.com
shemeryck@schiffhardin.com
mschiltz@schiffhardin.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on January 3, 2014, he caused the foregoing document to be filed with the clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Joseph A. Cancila, Jr.
Joseph A. Cancila, Jr.