UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNY MILMAN and ELLEN THOMAS, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, v. THERMOS L.L.C., Defendant. | No. 1:13-CV-7750 Judge Rebecca Pallmeyer Magistrate Judge Sheila Finnegan |

**THERMOS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Thermos L.L.C. ("Defendant" or "Thermos"), by its undersigned counsel, hereby submits this memorandum in support of its Motion to Dismiss Plaintiffs' Complaint, pursuant to Rules 8, 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiffs complain that certain Thermos® brand bottles they purchased through an on-line retailer leak. Yet Plaintiffs have failed to state any valid claim for relief under any of the pleaded causes of action. Plaintiffs also lack standing to seek injunctive relief.

Plaintiffs' statutory claims under the New Jersey Consumer Fraud Act ("CFA") and New York General Business Law ("GBL") Section 349 are fatally flawed. By selectively quoting from hang-tag packaging and website materials, Plaintiffs allege that they were misled to believe that the bottles would be entirely leak-proof, regardless of whether their lids were closed, even though the Care and Use Guide packaged with those products explicitly states that "This product is leak-proof only when the lid is in the closed and locked position."[1] Thus, there was no misrepresentation by Thermos. Without any plausible claim that Thermos misrepresented its

---

[1] As the graphic of the bottles shown in the Care and Use Guide (and displayed in the Complaint, p. 7) illustrate, when the lid is open and the straw exposed, the evident – and, indeed, essential – function of the products in that configuration is to *allow* liquid to flow through the straw.

products, Plaintiffs cannot establish the deception required for their statutory claims. Furthermore, Plaintiffs have not properly alleged any ascertainable loss.

Because Plaintiffs are unable to allege that the products did not perform as promised, their claims for breach of express warranty should also be dismissed. In addition, those claims are deficient because Plaintiffs have failed to allege that they provided the required pre-suit notice or that they attempted to return the products and were unable to do so. And Plaintiffs' unjust enrichment claims are subject to dismissal because Plaintiffs cannot allege any wrongful conduct by Thermos or that any direct benefit was conferred on Thermos. Plaintiffs purchased the products from an on-line retailer (Amazon), not Thermos.

Finally, Plaintiffs lack standing to seek injunctive relief. Plaintiffs are fully aware of what they assert are alleged defects in the products, as well as Defendant's representations regarding its bottles. Thus, because Plaintiffs do not face any likelihood of future injury and the requested injunction would be of no benefit to them, that claim should also be dismissed.

## FACTUAL ALLEGATIONS

The two Plaintiffs allegedly purchased Thermos® Foogo® Straw Bottles (hereinafter "Straw Bottle") from Amazon.com. (Compl. ¶¶ 13, 15, 40-42, 47, 48.) Plaintiff Milman, a New Jersey resident, allegedly purchased one vacuum-insulated Straw Bottle on February 3, 2013 and another on February 22, 2013, along with two plastic Straw Bottles. (*Id.* ¶¶ 12, 40-42.) Plaintiff Thomas, a New York resident, alleges that on June 6, 2011, she purchased two vacuum-insulated Straw Bottles. (*Id.* ¶ 14, 47, 48.)

The Straw Bottles have a push-button lid. When the lid is closed, it pushes down and pinches closed a silicone straw; the straw pops up when the lid is opened. (*Id.* ¶ 23.) Plaintiffs allege that they purchased the Straw Bottles because they were advertised – both on the packaging hang-tags and on-line – as being "leak-proof." (*Id.* ¶¶ 25, 41, 49.) Plaintiffs fail to

mention the Care and Use Guide packaged with the product, which explicitly states: "This product is leak-proof only when the lid is in the closed and locked position." Nevertheless, Plaintiffs assert the Straw Bottles were not leak-proof because when their lids were open and their children would turn the Straw Bottles upside down, liquid would escape.[2] (*Id.* ¶¶ 44, 50.)

Based on these allegations, Plaintiffs assert claims under the CFA and GBL § 349, and for breach of express warranty and unjust enrichment. Plaintiffs seek damages (including treble damages), "restitution and disgorgement of Defendant's revenues," and injunctive relief. (*Id.* at p. 22.) Plaintiffs also request certification of a class of New Jersey and New York purchasers of the Straw Bottles. (*Id.* ¶ 53.)

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO STATE A CLAIM.

Dismissal is appropriate under Rule 12(b)(6) if the complaint fails to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) should be granted if the plaintiff fails to make factual allegations that are "enough to raise a right to relief above the speculative level" and are sufficient to show "a plausible entitlement" to recovery under a viable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007).

In addition, Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he dictates of Rule 9(b) apply to allegations of fraud, not claims of fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). Thus, "[w]hen a plaintiff in federal court alleges fraud under [a state consumer fraud act], the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies." *Id.* at 441; *see*

---

[2] Plaintiffs also assert that the lid was easily triggered, causing the lid to open. (*Id.* ¶¶ 45, 51.)

*also Lieberson v. Johnson & Johnson Consumer Companies, Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011) ("It is well-established that NJCFA claims must meet the heightened pleading requirements of Fed.R.Civ.P. 9(b).").[3] Plaintiffs' Complaint fails to meet these standards.

### A.  Plaintiffs Have Failed to Plead Valid Claims for Relief Under the CFA or GBL § 349.

In order to state a claim under the CFA, a plaintiff must plead three *prima facie* elements: "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009). "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).

Plaintiffs' CFA and GBL § 349 claims are deficient and should be dismissed. Plaintiffs cannot plead any deceptive conduct by Thermos because Thermos clearly disclosed that the Straw Bottles are leak-proof only when the lid is closed. And because Plaintiffs received a product that functions as Thermos said it would, Plaintiffs have sustained no injury under those statutory provisions. Plaintiffs' allegations of a cognizable injury are further deficient in that Plaintiffs have failed adequately to plead any loss in value associated with the alleged defect. In addition, Plaintiffs' claim under the CFA fails in that Plaintiffs have not pleaded the substantial aggravating circumstances necessary to elevate their claim beyond a breach of warranty.

---

[3] Although the Second Circuit has concluded that Section 349 of the GBL is not subject to the pleading requirements of Rule 9(b), *see Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005), this Court is obliged to follow Seventh Circuit cases holding that allegations of fraud under a state consumer fraud statute are subject to Rule 9(b). *See, e.g., Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 957 (C.D. Cal. 2012) (declining to follow *Pelman* and instead holding that, under Ninth Circuit precedent subjecting state statutory consumer fraud claims to Rule 9(b), plaintiff's claims under GBL § 349 must satisfy Rule 9(b)).

        1.        Plaintiffs Cannot Establish A Deceptive Act by Thermos.

"In order for these claims to amount to a NJCFA violation for an affirmative act of deception or fraud, plaintiffs must show that defendant's statements on its product are false." *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 703 (D.N.J. 2011). Further, "affirmative acts must be 'misleading' and stand outside the norm of reasonable business practice in that it will victimize the average consumer." *Harnish v. Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 648 (D.N.J. 2013) (quoting *New Jersey Citizen Action v. Schering–Plough Corp.,* 842 A.2d 174, 177 (N.J. Super. Ct. App. Div. 2003)). Likewise, under GBL § 349, New York has adopted "an objective definition of deceptive acts and practices . . . limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995). Thus, "Section 349 is violated, not when the 'least sophisticated consumer' would be confused, but when 'a reasonable consumer would have been misled by defendant's conduct.'" *Sokolski v. Trans Union Corp.*, 53 F. Supp. 2d 307, 315 (E.D.N.Y. 1999) (quoting *S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.,* 84 F.3d 629, 636 (2d Cir. 1996)). Under both statutes, courts have routinely dismissed complaints where the allegations failed to establish a deceptive or misleading practice. *See Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 515 (D.N.J. 2009) *aff'd,* 374 F. App'x 341 (3d Cir. 2010); *Woods v. Maytag Co.*, 10-CV-0559 ADS WDW, 2010 WL 4314313, at *16 (E.D.N.Y. Nov. 2, 2010).

Plaintiffs have failed adequately to plead any deceptive conduct by Thermos as required for these statutory claims. The Complaint asserts that Thermos made "deceptive claims

regarding the supposed 'leak-proof' nature of the Bottles." (Compl. ¶ 7.)[4] However, Thermos did not represent that the Straw Bottles are leak-proof *when their lids are open or in an unlocked position*. In fact, Thermos specifically advises its customers of just the opposite in the Care and Use Guide packaged with the products (which Plaintiffs selectively chose not to mention in the Complaint).[5] Thus, Thermos clearly advises customers of the fact – which a reasonable customer surely would assume as a matter of common sense – that liquid will be free to escape through the straw when the lid is open. Plaintiffs likewise cannot base a CFA or GBL claim – or any other claim – on their complaint that the push-button that controls the opening of the lid on the Straw Bottles is too easily triggered (Compl. ¶¶ 45, 51), for Plaintiffs have not pointed to any alleged misrepresentations by Thermos regarding the properties of the push-button, and Plaintiffs' subjective view regarding the amount of force that should be required to trigger the button surely does not amount to a valid legal claim. Accordingly, Plaintiffs' assertion that Thermos misrepresented the leak-proof qualities of the Straw Bottles fails as a matter of law and the CFA and GBL claims should be dismissed.[6]

---

[4] A number of the Complaint's allegations regard an entirely different product – a sippy cup – than the Straw Bottles Plaintiffs allegedly purchased. (*See, e.g.*, *id.* ¶ 27.) Thus, these alleged statements are irrelevant to Plaintiffs' claims here.

[5] Those instructions – which are readily accessible with the product itself or on the Thermos website – specifically recite that: "This product is leak-proof only when the lid is in the closed and locked position." Ryan Decl., ¶¶ 3-5, Exs. A & B, attached to Motion at Exhibit 1. Given that the Complaint quotes from the hang-tags and other written material accompanying the Straw Bottles and reproduces illustrations from the Care and Use Guide (*e.g.*, Compl. ¶¶ 24, 29-31), these materials may properly be considered on a motion to dismiss. *See, e.g., Indep. Trust Corp. v. Fid. Nat'l Title Ins. Co. of New York*, 05 C 5749, 2007 WL 1017858, at *20 n. 17 (N.D. Ill. Mar. 30, 2007) (Pallmeyer, D.J.) ("When a defendant attaches a document to a motion to dismiss that is referred to in the plaintiff's complaint and is central to the plaintiff's claim, the court can consider the document without converting the motion to one for summary judgment."); *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013).

[6] *See, e.g., Faistl v. Energy Plus Holdings, LLC*, CIV.A. 12-2879 JLL, 2012 WL 3835815, at *6 (D.N.J. Sept. 4, 2012) ("where the [CFA] claim is based on written statements,

2. Plaintiffs' CFA and GBL Claims Fail Because They Have Not Alleged Any Ascertainable Loss.

The "ascertainable loss" requirement of the CFA "means that plaintiff must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." *Bosland*, 964 A.2d at 749; *see also Johnson v. Wynn's Extended Care, Inc.*, CIV. 12-0079 RMB KMW, 2012 WL 5880310, at *3 (D.N.J. Nov. 20, 2012). The alleged loss must be "calculated within a reasonable degree of certainty." *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 464 (N.J. 1994); *see also Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 300 (D.N.J. 2009) ("At the very least, a consumer must be able to quantify or measure what loss he has suffered or will suffer as a result of the unlawful conduct."). "To properly plead an ascertainable loss, plaintiff must allege facts showing 'either an out-of-pocket loss or a demonstration of loss in value.'" *Hoffman v. Nutraceutical Corp.*, CIV.A. 12-5803 ES, 2013 WL 2650611, at *2 (D.N.J. June 10, 2013) (quoting *Dist. 1199P Health and Welfare Plan v. Janssen, L.P.,* 784 F. Supp. 2d 508, 530 (D.N.J. 2011)).

"New York courts have rejected the notion that a defendant's deception alone—in other words, allegations of pecuniary loss arising solely from the purchase of the defendant's product—may suffice to plead 'actual injury' for a Section 349 claim." *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 676-77 (S.D.N.Y. 2012). In particular, the New York Court of Appeals has rejected the argument that "consumers who buy a product that they would not have purchased, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349." *Small v. Lorillard Tobacco Co., Inc.*, 720 N.E.2d 892, 898 (N.Y. 1999).

---

the court must make the legal determination of whether a practice can be said to be unfair in light of the written statements"); *Ballas v. Virgin Media, Inc.*, 856 N.Y.S.2d 22, at *4 (Sup. Ct. 2007) ("No claim can be made pursuant to General Business Law § 349 when the allegedly deceptive activity or practice is fully disclosed."), *aff'd,* 875 N.Y.S.2d 523 (App. Div. 2009).

7

A plaintiff must plead more than deception, *e.g.*, that "the price of the product was inflated as a result of defendant's deception." *Baron v. Pfizer, Inc.,* 840 N.Y.S.2d 445, 448 (App. Div. 2007).

The Complaint does not allege a cognizable injury. Because the Care and Use Guide apprised Plaintiffs that the leak-proof attribute of the Straw Bottles required that the lids be closed and in a locked position, Plaintiffs could not have a reasonable belief that the Straw Bottles would not leak with the lid open. *See Arcand*, 673 F. Supp. 2d at 301 ("the loss must be within the objective expectations of the consumer based on the representations made").[7]

Plaintiffs also have failed meaningfully to quantify any loss in value associated with the alleged product defect. *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 99 (D.N.J. 2011) (where a plaintiff relies on a benefit-of-the-bargain theory, she must allege "that the difference in value between the product promised and the one received can be reasonably quantified"). Plaintiffs' vague allegations of loss are similar to the CFA allegations found lacking in *Solo v. Bed Bath & Beyond, Inc.*, CIV. 06-1908 (SRC), 2007 WL 1237825 (D.N.J. Apr. 26, 2007). In that case, the plaintiff alleged that "he purchased a sheet set that was advertised as having "a '1000 Thread Count,' but that the sheet set actually had a thread count 'of only 492.'" *Id.* at *3. The plaintiff claimed that he and the class members "suffered an ascertainable loss in that they purchased linens that were of a lower quality and less valuable than the linens they were promised." *Id.* The court found these allegations insufficient, concluding that "broad and conclusory allegations are not sufficient to demonstrate an ascertainable loss," and that "[u]nder

---

[7] Because of the presence of individualized issues concerning whether each purchaser sustained any ascertainable loss – such as questions concerning whether each purchaser assumed or was aware that liquid could flow through the straw when the lid is open – this matter clearly is not suitable for class certification. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 610 (3d Cir. 2012) ("In the class action context, if the truth behind alleged defects is knowable and if evidence suggests that class members did not react to information about the product they purchased or leased in a sufficiently similar manner such that common issues of fact would predominate, then certification is improper.").

the CFA, Plaintiff is required to plead specific facts setting forth and defining the ascertainable loss suffered."[8]  Similarly, the Complaint fails to plead any facts quantifying Plaintiffs' subjective, conclusory allegations of loss.  *See Arcand*, 673 F. Supp. 2d at 302 (rejecting suggestion that plaintiff may rely upon "his or her own subjective value to a product without reference to what was expected at the time of purchase by a reasonable consumer").  Plaintiffs cannot quantify any alleged loss merely by noting that other, dissimilar products cost less.[9]

Plaintiffs' allegations of loss are deficient for the additional reason that Plaintiffs fail to allege that they were unable to return the Straw Bottles or that either the seller – Amazon – or Thermos refused to accept a return of Plaintiffs' Straw Bottles or honor any warranty provided in connection therewith.  Thus, Plaintiffs cannot properly allege that they sustained an ascertainable loss and their statutory claims should be dismissed.

> 3. Plaintiff Milman Has Failed to Establish a CFA Claim Based on the Product's Alleged Failure to Perform as Warranted.

At its core, Plaintiffs' complaint is that Thermos warranted the Straw Bottles would be leak-proof and they supposedly were not.  As discussed *infra* at Section B, Plaintiffs have not stated a claim for breach of warranty.  But even if they had done so, "[a] claim under the NJCFA requires more than merely a breach of warranty. A plaintiff must allege 'substantial aggravating circumstances.'"  *Naporano Iron & Metal Co. v. Am. Crane Corp.,* 79 F. Supp. 2d 494, 507

---

[8] *See also id.* at *3 (noting further that "Plaintiff fails to specifically allege that what he did received [sic] was of lesser value than what was promised, i.e., that the sheets he received were worth an amount of money less than the sheets he was promised, or that he experienced a measurable out-of-pocket loss because of his purchase"); *Hoffman*, 2013 WL 2650611, at *2 ("Plaintiff failed to show that the alleged lead in Defendant's product caused the product to be worth less than was promised."); *Donahue v. Ferolito, Vultaggio & Sons*, 786 N.Y.S.2d 153, 154 (2004) (noting that plaintiff seeking to recover under the GBL "never alleged . . . that the cost of the beverages was inflated" by alleged misrepresentations concerning health benefits of product).

[9] For example, although Plaintiffs refer to another stainless steel bottle advertised on the internet (Compl. ¶ 33), nowhere does that ad suggest that the other product is vacuum insulated like the Thermos Straw Bottle.

(D.N.J. 1999) (quoting *Suber v. Chrysler Corp.,* 104 F.3d 578, 587 (3d Cir.1997)); *see also Cox*, 647 A.2d at 462 ("[A] breach of warranty alone does not violate a consumer protection statute.").

The Complaint fails to allege any facts that could support a finding that substantial aggravating circumstances are present here. For instance, there is no allegation that Thermos intentionally misrepresented the qualities of the Straw Bottles or knew that the Straw Bottles would leak.[10] Although Plaintiffs have cherry-picked a few negative customer reviews on Amazon (Compl. ¶ 38), "customer complaints do not constitute *per se* knowledge on the part of [the manufacturer] that a defect exists." *McQueen v. BMW of N. Am., LLC*, CIV.A. 12-6674 SRC, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013). Moreover, there are literally *hundreds* of reviews of the Straw Bottle posted at Amazon.com, 57% of which rated the Thermos® Foogo® product at the highest rating available (5 stars), and about 77% of which ratings were either 4 or 5 stars. *See* http://www.amazon.com/Thermos-Phases-Stainless-Bottle-Yellow/product-reviews/B00318CO6G/ref=cm_cr_pr_top_link_1/182-3368402-2913522?ie=UTF8&filterBy=addFiveStar&showViewpoints=0&sortBy=bySubmissionDateDescending (last visited December 31, 2013). Myriad examples of those Amazon reviews, including

---

[10] *See, e.g., Pappalardo v. Combat Sports, Inc.*, CIV.A. 11-1320 MLC, 2011 WL 6756949, at *4 (D.N.J. Dec. 23, 2011) ("Plaintiffs allege no facts in support of this claim other than that the Manufacturer Defendants represented that the composite barreled bats had a BPF of 1.15 or lower; this allegation lacks the 'aggravating circumstances' necessary to transform what is essentially a breach of warranty claim into a consumer fraud claim."); *Glass v. BMW of N. Am., LLC*, CIV.A. 10-5259 ES, 2011 WL 6887721, at *8 (D.N.J. Dec. 29, 2011) ("Plaintiff does not specifically allege: (1) who at BMW NA possessed knowledge of the defect; (2) when or how the decision was made to conceal the defect from customers; (3) that all, or even substantially all, MINI Cooper vehicles have a defective power steering system; and (4) that BMW NA knew that the power steering was certain to fail."); *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 F. App'x 94, 104 (3d Cir. 2013) (". . . Gotthelf relies on the complaints submitted to the NHTSA to establish Toyota's knowledge, and alleged concealment, of the defect. . . . However, these complaints were filed with the NHTSA, not with Toyota . . . . Gotthelf has provided no facts to support his assertion that Toyota should have known about the defect based on these complaints.").

several expressing satisfaction with the product's leak-proof performance, are reflected on Exhibit 1 hereto.[11] Because the Complaint fails to plead with particularity the presence of substantial aggravating circumstances, the CFA claim should be dismissed.

> **B. Plaintiffs Have Failed to Plead a Valid Claim for Relief for Breach of Express Warranty.**

Because Thermos did not represent that the Straw Bottles would be leak-proof even when the lids were open, *supra*, Plaintiffs' breach of express warranty claim also fails. Any reference to "leak-proof" in the packaging of the Straw Bottles must be construed and understood consistent with the Care and Use instructions that the lid must be in the closed and locked position for the bottles to be leak-proof. N.Y. U.C.C. LAW § 2-317 (McKinney 2013); N.J. STAT. ANN. § 12A:2-317.

In addition, Plaintiffs' breach of warranty claim should be dismissed because Plaintiffs fail to allege that they provided the required pre-suit notice. Under the Uniform Commercial Code provision adopted in both New Jersey and New York, "[w]here a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." N.Y. U.C.C. LAW § 2-607 (McKinney 2013); *see also* N.J. STAT. ANN. § 12A:2-607(3)(a). "[P]roviding notice pursuant to this regulation is a condition precedent to filing any suit for breach of contract under Article 2 of

---

[11] Given plaintiffs' selective quotation of reviews from Amazon.com, the Court in ruling on this motion to dismiss may consider other reviews posted on Amazon.com pursuant to Federal Rule of Civil Procedure 10(c). *See supra* at p. 6 n.5. The Court may also take judicial notice of the contents of the Amazon.com website. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (identifying "matters of which a court may take judicial notice" as one of the sources that courts "ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss"); *LaBella Winnetka, Inc. v. Village of Winnetka*, No. 07 C 6633, 2009 WL 721136, at *8 n.6 (N.D. Ill. March 18, 2009) (courts may take judicial notice of contents of website), *aff'd*, 628 F.3d 937 (2010); *American Safety Cas. Ins. Co. v. City of Waukegan*, No. 07 C 1990, 2009 WL 855795, at *8 (N.D. Ill. March 30, 2009) (taking judicial notice of contents of corporate website).

the U.C.C. or its state counterparts." *Joc, Inc. v. Exxonmobil Oil Corp.*, CIV 08-5344, 2010 WL 1380750, at *4 (D.N.J. Apr. 1, 2010). The Complaint does not allege that Plaintiffs satisfied this requirement, or that before filing suit they provided either Amazon or Thermos with notice of any alleged problem with the Straw Bottles that they had purchased.

For the vacuum-insulated Straw Bottles, Plaintiffs' express warranty claim is barred for the additional reason that Plaintiffs do not allege that they made any effort to return those products for repair or replacement pursuant to the limited warranty. (Ryan Decl. Ex. A, Care/Use Guide, containing warranty, attached to Motion at Exhibit 1.)[12] Accordingly, Plaintiffs have failed to state a claim for breach of express warranty and this claim should be dismissed.

### C. Plaintiffs Have Failed to Plead a Valid Claim for Relief for Unjust Enrichment.

Because Thermos did not make any misrepresentation, *supra*, there was nothing "unjust" in its conduct. In addition, Plaintiffs have failed properly to allege that they conferred any "benefit" upon Thermos. "The requirement [for an unjust enrichment claim] that a plaintiff must confer a benefit on the defendant has been interpreted by New Jersey courts as a requirement that 'the plaintiff allege a sufficiently direct relationship with the defendant to support the claim.'" *Avram v. Samsung Electronics Am., Inc.*, CIV. 2:11-6973 KM, 2013 WL 3654090, at *21 (D.N.J. July 11, 2013) (quoting *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011)). New York law is in accord. *See, e.g.*, *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) ("While this testimony may suggest that Laura received some indirect benefit from

---

[12] *See, e.g., Palmucci v. Brunswick Corp.*, 710 A.2d 1045, 1047 (N.J. Super. Ct. App. Div. 1998) ("Since plaintiff did not abide by the requirements of the warranty in that he did not allow the manufacturer to use the remedy the warranty permitted, he was not entitled to recovery under his breach of warranty claim."); *Pronti v. DML of Elmira, Inc.*, 478 N.Y.S.2d 156, 157 (1984) ("plaintiffs' refusal to permit Henredon to correct the alleged defects stripped them of any remedy against that defendant for breach of any alleged express warranty").

12

the loan, however, it does not establish the specific and direct benefit necessary to support an unjust enrichment claim."); *Prime Mover Capital Partners L.P. v. Elixir Gaming Technologies, Inc.*, 898 F. Supp. 2d 673, 697 (S.D.N.Y. 2012) ("Under New York law, however, this type of indirect benefit is insufficient to sustain an unjust enrichment claim."). This requirement is not satisfied where a consumer alleges unjust enrichment against a non-seller manufacturer because "[w]hen consumers purchase a product from a third party, they confer a benefit on that third party, not on the manufacturer." *Snyder*, 792 F. Supp. 2d at 724; *see also Nelson v. Xacta 3000 Inc.*, CIV.A.08-5426 (MLC), 2009 WL 4119176, at *7 (D.N.J. Nov. 24, 2009) ("Plaintiffs allege that Kochamba purchased the Kinoki Pads at a Wal–Mart store, not from Idea Village. Thus, Plaintiffs' unjust enrichment claim against Idea Village fails under New Jersey law."). Because Plaintiffs allege that they purchased their Straw Bottles from Amazon, not Thermos, they have not alleged that they conferred any benefit on Thermos and the unjust enrichment claims fail.

Further, under both New Jersey and New York law, unjust enrichment is inapplicable where a contract exists. *See Duffy v. Charles Schwab & Co., Inc.*, 123 F. Supp. 2d 802, 814 (D.N.J. 2000) (noting that under New Jersey law "recovery based on a quasi-contract theory is mutually exclusive of a recovery based on a contract theory"); *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter . . . ."). Accordingly, because Plaintiffs maintain that their relationship with Defendant is governed by express warranties, the unjust enrichment allegations fail to state a claim and Count IV should be dismissed. Finally,

Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs' other claims fail and Plaintiffs have not alleged any independent grounds for an unjust enrichment claim. [13]

## II.   PLAINTIFFS LACK STANDING TO SEEK INJUNCTIVE RELIEF.

To satisfy Article III's standing requirements, a plaintiff seeking injunctive relief must establish, *inter alia*, that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000).  A consumer who claims that she was harmed by deceptive marketing will be unable to meet the standing requirement for injunctive relief because there is no likelihood that she will again be injured by that alleged wrongful conduct.  *See Dicuio v. Brother Int'l Corp.*, CIV.A. 11-1447 FLW, 2012 WL 3278917, at *15 (D.N.J. Aug. 9, 2012) ("The injunctive relief claim seeks to enjoin Defendant from marketing and selling the printers and cartridges without disclosing that a consumer will be required to purchase all three independent color cartridges once one color is the subject of a toner life end message.  The effect of such an injunction would be to protect potential future purchasers of the printer; it would have no effect on current owners like Plaintiffs who have already purchased the printer.").[14]   The

---

[13] *See Mu Sigma, Inc. v. Affine, Inc.*, No. 12-1323 (FLW), 2013 WL 3772724, at *10 (D.N.J. Jul. 17, 2013) ("New Jersey case law 'does not recognize unjust enrichment as an independent tort cause of action.'" (quoting *Castro v. NYT Television*, 851 A.2d 88, 98 (N.J. Super. Ct. App. Div. 2004)); *Martinez v. Capital One, N.A.*, 863 F. Supp. 2d 256, 268 (S.D.N.Y. 2012) ("When a plaintiff possesses no private right of action under a statute, and alleges no wrongs independent of the requirements of that statute, an unjust enrichment claim is properly dismissed as 'an effort to circumvent the legislative preclusion of private lawsuits for violation of the statute.'" (quoting *Broder v. Cablevision Sys. Corp.,* 418 F.3d 187, 203 (2d Cir. 2005))).

[14] *Robinson v. Hornell Brewing Co.*, CIV. 11-2183 JBS-JS, 2012 WL 1232188, at *5 (D.N.J. Apr. 11, 2012) ("This Court concludes that merely seeing a label that Plaintiff believes is incorrect or that he believes could be misleading to others is not the kind of concrete adverse effect or injury necessary to create a cognizable case or controversy required by Article III."); *Rikos v. Procter & Gamble Co.*, 782 F. Supp. 2d 522, 532 (S.D. Ohio 2011) (holding that consumer alleging false and misleading claims by seller of daily digestive food supplement lacked standing to seek injunctive relief); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939,

Complaint requests a permanent injunction "prohibiting Defendant from continuing to engage in the deceptive acts" and requests a judgment "[o]rdering Defendant to engage in a corrective advertising campaign." (Compl. ¶ 69 and p. 22.) Such injunctive relief would have no effect on Plaintiffs, since they are already fully aware that Defendant's alleged assertions regarding the "leak-proof" nature of the Straw Bottles are purportedly inaccurate. Thus, Plaintiffs lack Article III standing to seek injunctive relief and such request should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss with prejudice each of Plaintiffs' claims, and grant such further relief as is appropriate and just.

Dated: January 3, 2014    Defendant Thermos L.L.C.

By: /s/ Joseph A. Cancila, Jr.
Joseph A. Cancila, Jr.
Sondra A. Hemeryck
Matthew G. Schiltz
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone: 312-258-5500
Facsimile: 312-258-5600
jcancila@schiffhardin.com
shemeryck@schiffhardin.com
mschiltz@schiffhardin.com

---

951 (S.D. Cal. 2007) (holding that consumer lacked standing to seek injunctive relief because, even if she was injured by the alleged false advertising "it is unclear how prospective relief will redress her injury, since she is now fully aware of the linens' thread count").

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on January 3, 2014, he caused the foregoing document to be filed with the clerk of the United States District Court for the Northern District of Illinois by using the CM/ECF system, which will send notification of such filing to all counsel of record.

      /s/ Joseph A. Cancila, Jr.
      Joseph A. Cancila, Jr.