UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNY MILMAN and ELLEN THOMAS, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> THERMOS L.L.C., <br><br> Defendant. | ) ) ) ) ) Case No: 1:13-cv-7750 ) ) Magistrate Judge Sheila Finnegan ) ) ) ) ) ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASS**

Plaintiffs Jenny Milman and Ellen Thomas (collectively, the "Named Plaintiffs"), on behalf of themselves and as putative representatives of the settlement class (the "Class") defined in Paragraph 5 below, have entered into a Class Action Settlement Agreement including exhibits (the "Agreement") with Defendant Thermos L.L.C. ("Thermos" or "Defendant"), to settle the above-captioned suit (the "Action" or "Lawsuit"). The Agreement provides for the resolution of all claims that were or could have been raised in the Lawsuit, as further provided in the Agreement. This Preliminary Approval Order ("Order") will refer to the Named Plaintiffs and Thermos as the "Parties" to the Agreement.

The Named Plaintiffs have filed a Motion for Preliminary Approval of the Proposed Settlement (the "Motion for Preliminary Approval"). Having reviewed the Agreement, the Motion for Preliminary Approval, and the pleadings and other papers on file in this Action, and having also considered the statements of counsel, the Court finds that the Motion for Preliminary Approval should be granted and that this Order should be entered. The Court hereby gives its preliminary approval to the settlement, orders that notice be sent to the Class, enjoins pending or

future proceedings in aid of its jurisdiction, and schedules a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable, and adequate.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Agreement is hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Agreement.

2. This Court has personal jurisdiction over all Class Members and subject matter jurisdiction to approve the Agreement.

3. The Court finds that the Named Plaintiffs have made a sufficient showing for purposes of preliminary approval that the requirements for certifying the Class under Federal Rule of Civil Procedure 23 have been satisfied. The Court finds that the proposed settlement and Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of notice of the proposed settlement to potential Class Members, and to hold a Final Approval Hearing.

4. The Court further finds that neither the certification of the Class, nor the settlement of this Action, shall be deemed to be a concession by Thermos of the propriety of the certification of a litigation class, in this Action or any other action, and Thermos shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes. Furthermore, the preliminary certification of the Class, appointment of the class representatives and Class Counsel, and all other actions associated with preliminary approval are undertaken on the condition that the certification and other actions shall be vacated if the Agreement is terminated or disapproved in whole or in part by the Court, any appellate court, and/or any other court of review, or if Thermos invokes its right to revoke the settlement according to the terms of the Agreement, in which case the Agreement and the fact that it was entered into shall not be offered, received, or construed as evidence for any purpose, including

but not limited to an admission by Thermos of liability or of the certifiability of a litigation class, as further provided in the Agreement.

5.　　For purposes of the Agreement and for settlement only, the Court preliminarily certifies the following Class pursuant to Federal Rule of Civil Procedure 23:

> All persons who purchased a Foogo® stainless steel vacuum-insulated straw bottle or a Foogo® plastic straw bottle in the United States at any time between January 1, 2007 and **[preliminary approval date]** excluding (a) any such person who purchased for resale and not for personal or household use, (b) any officers, directors or employees, or immediate family members of the officers, directors or employees, of Thermos, and (c) the presiding judges and their immediate families.

6.　　The Court finds, solely for purposes of preliminary approval of a settlement class, that (a) members of the proposed Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the claims of the Named Plaintiffs are typical of the claims of the proposed Class; (d) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the proposed Class; (e) questions of law or fact common to the members of the proposed Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7.　　The Court preliminarily appoints the Named Plaintiffs as class representatives of the proposed Class.

8.　　The Court preliminarily appoints the following attorneys to act as Class Counsel: Janine Pollack of Wolf Haldenstein Adler Freeman & Herz LLC, New York, New York; Lee Shalov of McLaughlin & Stern LLP, New York, New York; and Brett Zinner of Rosenberg Fortuna & Laitman LLP, Garden City, New York.

9. The Court appoints Rust Consulting as Settlement Administrator to administer the settlement in accordance with the terms and conditions of this Order and the Agreement.

10. The Court finds preliminarily that the Notice Plan described in Paragraph 10 of the Agreement is (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of the proposed settlement, and of their right to object or to exclude themselves from the proposed settlement; (iii) reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) compliant with applicable law and due process.

11. The Court approves the Class Notice substantially in the form attached to the Agreement as Exhibit 3 and described in Paragraph 10.A of the Agreement, e-mail notice as described in Paragraph 10.B of the Agreement, the Summary Notice substantially in the form attached to the Agreement as Exhibit 4 and described in Paragraph 10.C of the Agreement, and notice by means of Internet and mobile banner advertisements substantially in the form attached to the Agreement as Exhibit 5 and described in Paragraph 10.D of the Agreement. The Court also approves the Class Website as described in Paragraph 10.E of the Agreement, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 60 days after the expiration of the period for submission of Claim Forms.

12. The Court directs the Settlement Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Class Members to leave messages in a voicemail box and receive a return call.

13. The Court approves the use of claim forms without material alteration from Exhibit 6 of the Agreement (the "Claim Form"). The Court directs that the Claim Form be made available with the e-mailed and Website Notice. To be considered for a possible benefit, Claim Forms must be submitted: (1) by email in signed, PDF form, sent no later than 11:59 P.M. Eastern time on the 150th day after the Notice Date, (2) by U.S. postal delivery that is mailed and postmarked no later than the 150th day after the Notice Date, (3) by hand or courier delivery that is received by the Settlement Administrator no later than 11:59 P.M. Eastern time on the 150th day after the Notice Date, or (4) by online submission with an electronic signature through the Class Website, submitted no later than 11:59 P.M. Eastern time on the 150th day after the Notice Date  Each Claim Form must be signed under penalty of perjury by the Class Member.

14. The Court orders the Settlement Administrator, not later than 14 days before the Final Approval Hearing, to file with the Court an affidavit or declaration detailing the scope and methods of the Notice program and certifying that Notice has been effectuated in accordance with the Agreement.

15. Any Class Member who wishes to be excluded from the Class must comply with the terms set forth in the Agreement and the Notice, and mail to the Settlement Administrator an appropriate and timely request for exclusion postmarked no later than 45 days before the Final Approval Hearing, that complies with the requirements of Paragraph 11 of the Agreement. Requests for exclusion must be exercised individually by a Class Member, not as or on behalf of a group, class, or subclass.

16. Any Class Member who timely requests exclusion from the Class in accordance with the Class Notice shall not be bound by any judgments entered in this Action and shall not be entitled to receive any benefits provided by the settlement in the event it is finally approved by

the Court. The Court orders the Settlement Administrator, no later than thirty days after the deadline for Class Members to submit requests for exclusion from the Settlement, to prepare and provide to the Court and counsel for the Parties a list of all persons who timely and properly request exclusion from the Class along with a declaration or affidavit attesting that such list is complete and correct.

17. Any Class Member who does not timely request exclusion as set forth in the Class Notice shall be bound by all proceedings, orders, and judgments in the Action, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, as defined in the Agreement, and even if he or she never received actual notice of the Action or the settlement.

18. Unless and until the Court determines in the Final Approval Order that Class Members have timely and properly excluded themselves from the Class as set forth in the Notice and Agreement, Class Members and their legally authorized representatives are preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out the Released Claims, or the facts and circumstances relating to any of them; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the Released Claims, or the facts and circumstances relating to any of them; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or

6

arising out of the Released Claims, or the facts and circumstances relating to any of them, in the Action and/or the Released Claims.

19. Any Class Member who does not timely request exclusion as set forth in the Notice, and any governmental entity, who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement, including the Attorneys' Fee Award, must submit an objection no later than 45 days before the Final Approval Hearing that complies with the requirements for objections as set forth in the Settlement Agreement and the Class Notice. The objection must contain at least the following: (1) a heading referring to the Lawsuit; (2) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and if through counsel, information identifying that all counsel representing the objector by name, address, bar number, and telephone number; (3) a statement of the legal and factual bases for the objection; (4) a description of any and all evidence the objecting Class Member may offer at the Final Approval Hearing, including but not limited to the names and expected testimony of any witnesses, and copies of any exhibits; (5) proof of purchase of at least one of the Bottles during the Class Period; and (6) the signature of the Class Member. The Written Notice of Objection must be signed by the Class Member and his or her counsel (if the Class Member is represented by counsel); an objection signed by counsel alone shall not be sufficient. The objection must be mailed to the Settlement Administrator, postmarked no later than 45 days before the Final Approval Hearing. Failure to adhere to these requirements will bar the objection.

20. Any Class Member who timely serves a written objection in accordance with Paragraph 19 of this Order and Paragraph 12 of the Agreement may appear at the Final Approval

Hearing, either in person or through an attorney. Class Members who do not adhere to these requirements will not be heard at the Final Approval Hearing.

21. By submitting an objection to the settlement, Class Members agree not to challenge the jurisdiction of the Court, and agree to be bound by all judgments and orders issued by the Court. Class Counsel may serve discovery requests, including for deposition, on any Class Member who submits an objection, without any further decree or order from this Court or any court.

22. The right to object to the proposed settlement must be exercised individually by a Class Member or his or her attorney, not as a member of a group, class, or subclass.

23. The Settlement Administrator shall maintain a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications.

24. The Settlement Administrator shall promptly furnish Class Counsel and Defendant's counsel with copies of any and all written objections, requests for exclusion, notices of intention to appear, or other communications that come into its possession, except as otherwise provided in the Agreement.

25. A Final Approval hearing shall be held on May 27, 2015, at 9:15 a.m. before the undersigned for the purpose of determining (a) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court and (b) whether to issue a Final Order and Judgment without material alteration from Exhibit 7 of the Agreement. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the settlement

with modifications, if any, consented to by Class Counsel and Defendant's Counsel without further notice.

26.　All pretrial proceedings in the Action, other than those relating to discovery of objectors as stated in paragraph 12.E of the Agreement and Paragraph 21 of this Order, are stayed and suspended until further order of this Court.


Dated: December 23, 2014　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Magistrate Judge Sheila Finnegan
　　　　　　　　　　　　　　　　　United States District Court, Northern District of Illinois